UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM B TRESCOTT | § | |
| | § | |
|     Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. G-11-448 |
| | § | |
| THE UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

### I.

Before the Court is the Secretary of the Department of Transportation's ("government") motion to dismiss the plaintiff William B. Trescott's complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) ("FRCP") (Document No. 7). The plaintiff filed a response (Doc. No. 8) and the matter is fully before the Court. After a careful review of the pleadings and briefing on file, the Court determines that the government's motion to dismiss should be granted.

### II.

The plaintiff's complaint against the government has traveled both the legislative and judicial routes, yet from the plaintiff's perspective, to no avail. In 2005, the plaintiff filed a suit against the government challenging safety regulations that he argues are obsolete as they "ban intermodal rail vehicles and modern safety features on trucks." The plaintiff cites to 49 U.S.C.§ 20103-04 as proof of the statute's shortcomings. According to the plaintiff, the government issued new regulations while his suit was pending. These new regulations became effective on March 22, 2007, shortly after his suit was dismissed. [Trescott v. U.S., Cause No. 05-678].

Unsatisfied with the new regulations, the plaintiff initiated a second suit in the District of Columbia Court of Appeals. *See* [Circuit Court No. 07-1327]. On April 22, 2008, the Circuit Court transferred the plaintiff's suit to a District of Columbia District Court. *See* [D.C. Cause

No. 08-731]. The plaintiff's suit was again dismissed for failure to state a claim. Unpersuaded, the plaintiff appealed the District Court's dismissal to the District of Columbia Court of Appeals. The Court of Appeals summarily affirmed the District Court's ruling. *See* [Circuit Court No. 09-52]. A petition for rehearing *en banc* was filed in the Circuit Court by the plaintiff, but to no good. And, a petition for writ of *certiorari* to the United States Supreme Court did not yield a favorable outcome for the plaintiff. *See* [Supreme Court No. 09-1398]. The plaintiff commences this suit, a third time, in this District.

**III.**

In his suit before this Court, the plaintiff asserts that he has been deprived of constitutional rights that violate 42 U.S.C. §§ 1983, 1985 and 1986, the Civil Rights Act. According to the plaintiff, the Federal Highway Administration lacks authority to enforce commercial motor vehicle size and weight restrictions. Hence, the government's regulations violate the state of Texas' right to regulate highways within its boundaries.

The plaintiff also asserts that he has been cheated out of "thousands of dollars in patent application fees, patent issue fees, patent maintenance fees" because he has not been able to sell or use his invention. The plaintiff's inventions, allegedly, would add safety features to trucks that would, in his estimation, save lives. He also contends that the enforcement of the government's safety regulations constitute a conspiracy, violates state law, his "due process" rights, and he desires an impartial panel of judges decide his case.

In its motion to dismiss, the government asserts that: (a) the Court lacks subject matter jurisdiction and no jurisdictional basis for the plaintiff's suit is set out in his pleadings; (b) the plaintiff's allegations of constitutional violations are not actionable due to sovereign immunity and the fact that the government has not waived its immunity in this case; (c) the plaintiff's complaint is fatally deficient in that there are no specific constitutional claims set forth that are

actionable under the Civil Rights statute; and (d) the plaintiff's suit is barred by the doctrine of *res judicata*.

## IV.

A defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell At'l. Corp. v. Twombly*, 550 U.S. 544, 555, 127 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'-- 'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *See Twombly*, 550 at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V.

The plaintiff's suit fails on all accounts; nevertheless, two reasons for dismissal are appropriate and sufficient. First, the plaintiff claims under section 1983 fail to point out a constitutional amendment that has been abridged resulting in a deprivation of a secured right. To establish a section 1983 claim, a plaintiff must present facts showing that the defendant, or its employees, acted under "color of state law" and deprived him of a federally secured right. *See Martin v. Thomas*, 973 F.2d 449, 452-53 (5th Cir. 1992). There are no pleadings showing that the government deprived the plaintiff of a federal constitutional right utilizing state law. This same failing in pleadings is present as it relates to the plaintiff's section 1985 and 1986. There is no evidence of a conspiracy and the pleadings fail to support such a claim.

Second, the plaintiff's suit fails because the plaintiff's pleadings reveal that these same issues were the subject of his suit in the District of Columbia Court in 2007. When a party has litigated all of his claims against a party and that litigation has been concluded, he cannot subsequently relitigate the same claims against the same party. *See Allen v. McCurry*, 449 U.S.

4

90, 94 (1980). The same is true for claims that a party could have brought. *Id*. The doctrine of *res judicata* bars subsequent suits, such as has been brought here, to prevent repetitious litigation.

For the foregoing reasons and analysis, the government's motion to dismiss should be, and it is hereby, granted.

It is ORDERED that the plaintiff's suit is DISMISSED with prejudice.

SIGNED at Houston, Texas this 14th day of February, 2012.

_____
Kenneth M. Hoyt
United States District Judge